UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KAREN TAYLOR,

                               Plaintiff,

                                                                                  <u>DECISION AND ORDER</u>

                                                                                  06-CV-6135L

                               v.

NAPLES CENTRAL SCHOOL DISTRICT,
BRENDA KEITH, and KEN FOSTER,

                               Defendants.
_____

      Karen Taylor ("Taylor"), *pro se,* commenced this action against her former employer, the Naples Central School District ("School District"), Superintendent Brenda Keith ("Keith"), and Secondary School Principal Ken Foster ("Foster") pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.* Plaintiff alleges loss of employment in retaliation for her complaints about defendants' failure to comply with their obligations to provide for her disabled son's education under the Rehabilitation Act of 1973.

      Currently before the Court are two motions brought by defendants: a motion to dismiss the claims against the individual defendants under Fed. R. Civ. P. 12(c), and a motion for summary judgment by all the defendants. Defendants' motions are granted and the complaint is dismissed.

**DISCUSSION**

In response to defendants' motions, plaintiff has submitted material that raised certain matters relating mostly to what she views as poor treatment of her son Kaleigh, who apparently suffers from certain medical conditions which required the School District to implement a special plan for his education. These matters, though, have little to do with plaintiff's separate claim concerning discrimination against her.

This Court's order of March 9, 2006 (Dkt. #4), made it quite clear that the action was limited to plaintiff's own claims of retaliation and not any claims relating to plaintiff's son. That order clearly advised plaintiff that she could not raise claims on behalf of another since she was not an attorney.

Subsequent to that decision and order, no formal claim was ever filed on behalf of plaintiff's son. Therefore, as defendants note, many of the points raised by plaintiff have little relevance to her allegations that she was retaliated against for advocating on behalf of her son before the School District. Unfortunately, plaintiff continues to be focused on her son and advised her opponents and the Court that the principal issue in this case involves her son. It clearly does not.

**I. Motion to Dismiss Individual Defendants**

The motion to dismiss the claims against the individual defendants is granted. It is well settled that individual employees cannot be held personally liable for violations of the ADA. *See Falso v. Sutherland Global Services*, 494 F.Supp.2d 207, 209 (W.D.N.Y. 2007); *Murphy v.*

*Board of Educ. of the Rochester City Sch. Dist.,* 273 F.Supp.2d 292, 326 (W.D.N.Y. 2003), *aff'd*, 106 Fed.Appx. 746 (2$^d$ Cir. 2004).  Both defendant Brenda Keith and defendant Ken Foster must therefore be dismissed from the action.

**II. Defendant's Motion For Summary Judgment**

Defendant School District's motion for summary judgment is granted.  Plaintiff has failed to raise a material issue of fact and, therefore, as a matter of law, defendant is entitled to judgment.

The adverse action suggested by plaintiff is modest.  The essence of her claim is that she was not called as a substitute teacher for several weeks in 2003.  Plaintiff's employment with the School District ended shortly thereafter when she accepted a long-term assignment in another school district, the Wayland-Cohocton School District, in 2004.

Plaintiff had worked as a substitute teacher for the defendant School District for several years from 1999 to 2004.  During her employment, commencing about 2001, she made various complaints to the School District.  One was that she believed her children were entitled to door-to-door transportation which eventually was denied by the School District simply because it deemed the road unsafe.  There had been several accidents on this rural road.  Although a special plan was adopted for plaintiff's son, plaintiff continued to protest that the School District was not fully complying with the plan.  Plaintiff filed a complaint with the United States Department of Education Office of Civil Rights and the U.S. Equal Employment Opportunity Commission about those matters but both agencies dismissed her claims.

Even now, in opposition to the motion for summary judgment, plaintiff again raises issues about the School District's failure to provide door-to-door transportation and other matters that have no direct bearing on her retaliation claims.

The gist of plaintiff's claim is that the School District did not hire her for a period of two weeks in February 2003, allegedly because of her complaints about the district's failure to fully implement her son's educational plan.

The anti-retaliation provision of the ADA makes it unlawful for an employer to "discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). "This provision is substantially similar to the retaliation prohibition in Title VII of the Civil Rights Act of 1964." *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 159 (2$^d$ Cir. 1999) (citing 42 U.S.C. § 2000e-3(a) (1994)). Therefore, "it is appropriate to apply the framework used in analyzing retaliation claims under Title VII in analyzing a claim of retaliation under the ADA." *Id.*

Such analysis requires applying the three-part burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973). "Plaintiff must first demonstrate a *prima facie* case of retaliation, which defendant may rebut by proffering a legitimate, nondiscriminatory reason for the employment action. The plaintiff may then present evidence that the alleged legitimate reason is actually a pretext for unlawful discrimination." *Ejbisz v. Henderson*, WL 21383235, *3 (W.D.N.Y.,2003) (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-508 (1993)).

"To establish a *prima facie* case of retaliation under the ADA, a plaintiff must establish that (1) the employee was engaged in an activity protected by the ADA, (2) the employer was aware of that activity, (3) an employment action adverse to the plaintiff occurred, and (4) there existed a causal connection between the protected activity and the adverse employment action." *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 159 ($2^d$ Cir. 1999) (citing *Holt v. KMI-Continental, Inc.*, 95 F.3d 123, 130 ($2^d$ Cir. 1996), *cert. denied*, 520 U.S. 1228 (1997)); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1308 ($2^d$ Cir. 1995); *Cosgrove v. Sears, Roebuck & Co.*, 9 F.3d 1033, 1039 ($2^d$ Cir. 1993).

First of all, to the extent plaintiff continues to reference the failure to provide door-to-door bus transportation, such requests are not protected activities under the ADA. They are separate matters which do not relate to the special educational plan adopted for plaintiff's son. Transportation was not part of the son's education plan and, therefore, there could be no retaliation based on those activities.

Plaintiff has also failed to meet the adverse-action prong of a retaliation claim. Although a plaintiff alleging unlawful retaliation is not required to show that the defendants' action had an *actual* chilling effect, *Morrison v. Johnson*, 429 F.3d 48, 51 ($2^d$ Cir. 2005), "[n]evertheless, the alleged act of retaliation must be more than de minimis." *McAllan v. Von Essen*, ___ F.Supp.2d ___, 2007 WL 2782334, at *5 (S.D.N.Y. 2007) (citing *Davidson v. Chestnut*, 193 F.3d 144, 150 ($2^d$ Cir. 1999)). "Indeed, it would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise." *Zelnik v. Fashion Inst. of Tech.*, 464 F.3d 217, 226 ($2^d$ Cir. 2006) (quotation omitted); *see also Burlington Northern & Santa Fe Ry. Co. v.*

*White*, ___ U.S. ___, 126 S.Ct. 2405, 2415 (2006) ("Normally petty slights, minor annoyances, and simple lack of good manners will not create such deterrence").

Plaintiff's claim that she was not called as a substitute teacher for a few weeks is *de minims*, and does not constitute adverse action. In fact, the evidence submitted by defendant indicates that plaintiff worked more than any other substitute teacher during the 2002-2003 school year. Dkt. #48-4 ¶ 13, and that in the 2003-2004 school year (during which plaintiff accepted the long-term assignment with the Wayland-Cohocton School District), she taught at Naples more days than all but three of the roughly 72 substitute teachers employed by Naples. *Id.* ¶¶ 6, 14.

Plaintiff clearly never had a full-time position with Naples but only worked part-time and on an as-needed basis. While a brief lapse in work is unfortunate, it does not rise to the level of a materially adverse employment action. Plaintiff also fails to allege that her employment in the district was accompanied by any diminution in her responsibilities or prestige. *See Burlington Northern*, 126 S.Ct. at 2417. Under these circumstances, it is difficult to understand how the short employment gap produced any materially negative result.

Additionally, on the facts presented, even if this brief period during which plaintiff was not given any assignments could be deemed to be adverse, there is no evidence whatsoever that the failure to call plaintiff as a substitute was caused or occasioned by anything relating to her son's activities or her own complaints about her son.

Other than plaintiff's speculation, there is no evidence that the failure to use her as a substitute was motivated by any ill will. Plaintiff has thus failed to raise a material issue of fact that the School District's decisions were motivated by retaliation. *See Bickerstaff v. Vassar*

*College*, 196 F.3d 435, 448 (2$^d$ Cir. 1999) (stating that courts must "carefully distinguish between evidence that allows for a reasonable inference of [retaliatory animus] and evidence that gives rise to mere speculation and conjecture"), *cert. denied*, 530 U.S. 1242 (2000).

In sum, plaintiff has failed to raise a material issue of fact that she suffered an adverse employment decision or, if she did, that such activity was motivated or caused in part by retaliation for her complaints or advocacy on behalf of her son. To allow this case to proceed would invite pure speculation on the part of the jury. Simply because plaintiff believes the allegations that she has advanced is not sufficient. There must evidence, direct or circumstantial, to allow a jury to conclude that retaliatory animus was at the heart of the School District's decision. There is no evidence of any kind here to support such a determination.

## CONCLUSION

Defendants' motion to dismiss the individual defendants (Dkt. #30) is granted. The motion for summary judgment by Naples Central School District (Dkt. #48) is granted. Plaintiff's complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
 October 22, 2007.